[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action seeks the foreclosure of a $50,000 mortgage executed by the defendants in favor of the plaintiffs. The plaintiffs claim that the payments on the mortgage according to its tenor is in default. The defendants have raised six special defenses and a two count counterclaim.
The defendant James Butler is married to the plaintiff's daughter. In 1989 the plaintiffs agreed to sell the subject property to the defendants for $135,000. The agreement called for the payment of $50,000 cash and two mortgages and notes for $50,000 and $35,000 each. The $50,000 mortgage was duly recorded but the $35,000 mortgage was not until later. The executed deed reserved a life use in the premises to the plaintiffs.
The defendant claims that the $35,000 mortgage was to be CT Page 8428 released the day after the closing and a release of this mortgage was executed. The plaintiffs claim that the release of this mortgage was not to be recorded but was to be held in abeyance by the plaintiffs. In addition, the defendant was to make renovations to the house to provide living space for the plaintiffs.
It is apparent from the evidence that everything was fine between the parties until the defendants started having marital difficulties. The subsequent claimed default resulted and this foreclosure action was started.
The court is satisfied that the plaintiffs have established their case by the preponderance of the evidence. The testimony satisfies this count that there was no fraud perpetrated by the plaintiff's on the defendant son-in-law. All parties entered into the negotiations for the sale including the life use in complete agreement. A claim of fraud must be proven by clear and satisfactory evidence and no such fraud was proven to this court.
The court is further satisfied that the preponderance of the evidence shows that all parties were aware of the life use that was reserved by the plaintiffs and that the defendant son-in-law would make modifications to accommodate them.
The claim of the defendant for reformation of the deed, damage and costs have not been proven to this court and are denied.
The court is satisfied that the plaintiffs have proven their case and are entitled to a judgment of strict foreclosure with the right of immediate possession of the premises.
Francis R. Quinn State Trial Referee